IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| VICKY METE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-770 |
| | § | |
| BAKER HUGHES INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

Plaintiffs Vicky, Michael, and Jennifer Mete filed this action after Jay Mete died in a fire in his living quarters. At the time of his death, Jay Mete was an employee of Baker Hughes working in Equatorial Guinea. Now before the Court is Defendant Baker Hughes Oilfield Operation's ("BHOO") Motion to Transfer Venue to the Houston Division of the Southern District of Texas. For the reasons outlined below, the Motion is **DENIED**.[1]

### I. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers both "private and public factors, none of which are given dispositive weight." *In re Volkswagen of Am., Inc.*, 371 F.3d 201, 203 (5th Cir. 2004). The private concerns include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditions and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws o[r] the application of foreign law.

*Id.* The plaintiff's choice of forum is generally entitled to great deference unless the plaintiff is not a resident of the forum or the operative facts underlying the action occurred elsewhere. *See Peteet*, 868 F.2d at 1436. The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See id.*

## II. Analysis

### 1. Private Factors

#### A. Ease of Access to Sources of Proof

Defendant states that all of the records relevant to this case are housed at BHOO's headquarters Houston. However, BHOO has not given the Court any indication that the records are so voluminous that transporting them to the Galveston courthouse would be any more inconvenient than transporting them to the Houston courthouse. Likewise, Plaintiffs have not given any indication that there are any sources of proof that are more accessible in Galveston than they are in Houston. Accordingly, this factor does not weigh for or against transfer.

#### B. Availability and Cost of Obtaining Attendance of Key Witnesses

Defendant has listed ten key witnesses, eight of whom live or work in Houston. The other two live in Equatorial Guinea and the United Kingdom. The Galveston courthouse is so close to the Houston courthouse that the Court finds that the convenience of the Houston witnesses will be only marginally influenced by a transfer of this case. All witnesses listed by Defendant are equally available in Houston and Galveston and the Court is not persuaded that trial costs would be decreased by a transfer of this case to a Division less than fifty miles away. Any additional mileage occasioned by a trial in Galveston will be made up for by the free parking available at the courthouse. Defendant has not met its burden that a transfer to Houston would increase availability or decrease the cost of obtaining witness attendance. Accordingly, this factor does not weigh in favor of transfer.

### C. Other Practical Problems

The Parties have not analyzed additional problems not covered by the other factors in the Court's analysis.

### 2. Public Factors

#### A. Administrative Difficulties Flowing from Court Congestion

This case was originally filed on December 11, 2006. Defendant filed its Motion to Transfer on March 19, 2007, and trial is currently set for December 10, 2007. Plaintiffs argue that a transfer at this point would cause significant delay. While the Court agrees that any transfer causes some delay, it does not find the probable delay in this case to be overly burdensome. Accordingly, this factor does not weigh for or against transfer.

#### B. Local Interest

This accident occurred in western Africa. Plaintiffs are Mississippi residents, and BHOO, while nominally headquartered in Houston, does substantial business in this Division

(and around the world). The jurors of this Division and the Houston Division have similar, if not identical, interests in the outcome of this litigation. This factor does not weigh for or against transfer.

### C.  Familiarity with Applicable Law

This factor is inapplicable to this case. This Court as well as all the courts of the Houston Division are equally suited to decide this case. Therefore, this factor does not weigh for or against transfer.

### D.  Avoidance of Conflict of Law Issues

This factor is inapplicable to this case.

### 3.  Plaintiff's Choice of Forum

Since Plaintiff is not a resident of this District, and this case has little to do with this Division, Plaintiff's choice of forum is entitled to slight deference. However, this case is not so intertwined with the Houston Division as to make Plaintiff's choice completely unsuitable. Since none of the other factors weigh heavily in favor of transfer, Plaintiff's choice should not be disturbed.

## III.  Conclusion

Though the Court acknowledges this case has little connection to the Galveston Division, it finds that Defendant has not met its burden of showing that a transfer to Houston would make this case more convenient. What Defendant has offered is not enough to overcome Plaintiff's choice of forum. For the reasons outlined above, Defendant's Motion to Transfer is **DENIED**. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date. Any other pending Motions are left to the discretion of the transferee court.

**IT IS SO ORDERED.**

**DONE** this 15th day of May, 2007 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge